Matthew H. Capron (Bar No. CA 303941)
Capron Law Offices
2220 Otay Lakes Rd Suite 502-92
Chula Vista, CA 91915
Tel: (619) 869-8181
Fax: (619) 638-8181
Email: mattcapron@yahoo.com

Attorneys for Plaintiff Luminence, LLC,

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUMINENCE, LLC,<br><br>            Plaintiff,<br><br>      vs.<br><br>RICARDO CASTORENA, LLC,<br>RICARDO CASTORENA, an individual,<br><br>            Defendants. | CASE NUMBER: **'16CV2777 BAS DHB**<br><br>COMPLAINT, JURY DEMAND |

## COMPLAINT AND JURY DEMAND

Plaintiff, Luminence, LLC ("Plaintiff"), by its undersigned attorneys, CAPRON LAW OFFICES, for its Complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501, and 1202, and 815 I.L.C.S. § 510 *et seq*. Plaintiff seeks compensatory and/or statutory damages in an amount to be established at trial.

///

## PARTIES

2. Plaintiff is a limited liability company registered in California with a principal place of business at 5580 La Jolla Boulevard #37, La Jolla, California 92037.

3. Upon information and belief, defendant Ricardo Castorena, LLC is a limited liability company duly organized and existing under the laws of California, with a principal place of business at 155 W 81st St, Los Angeles, CA 90003.  Defendant Ricardo Castorena is an individual with a principal residence of 155 W 81st St, Los Angeles, CA 90003.  Both Defendants collectively referred to as "Defendant."

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this District and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A. <u>Plaintiff's Business</u>

7. Plaintiff creates and sells fun and unique fiber optic light-up accessories including, but not limited to, its Glowbys® brand hair attachments. Plaintiff sells its products through its website, www.luminence.com.

8. In support of its business, Plaintiff created artistic and expressive photographic images of Glowbys products displayed on a model.

9. On February 26, 2013, Plaintiff obtained a registration with the United States Copyright Office, Registration Number VA 1-897-465, for the photographic work

entitled Girl Wearing Glowbys 1 (the "Copyrighted Work"). Attached hereto as Exhibit A is a copy of the Copyrighted Work.

10. Attached hereto as Exhibit B is a copy of United States Copyright Registration Number VA 1-897-465.

11. Plaintiff has never licensed, authorized, or otherwise permitted the Defendant to reproduce, distribute, display or otherwise use the Copyrighted Work.

B.  Defendant's Unlawful Activities

12. According to its advertising materials and website, Defendant creates and sells novelty items, including fiber optic light-up accessories. Defendant directly competes with Plaintiff with regard to the sale of fiber optic light-up accessories.

13. On or about July 24, 2016, Plaintiff in California ordered a fiber optic light up hair clip product, using the interactive functionality of Defendant's Ebay listing. Based on that on-line order and purchase, Defendant shipped its hair clip product to the residence of Plaintiff's sole and managing Member, Chris Bonang, in San Diego, California. The Defendant's packaging for its hair clip product displayed an infringing copy of the Copyrighted Work.

14.  On August 2, 2016 at 2:38 pm, Plaintiff wrote to the Defendant using the email address provided as contact information on the Defendant's Ebay listing to inform it of Plaintiff's copyright registration and demand that Defendant cease its infringement of the Copyrighted Work.

15. On August 2, 2016 at 7:31 pm Defendant responded to Plaintiff's cease and desist letter by changing the quantity available on his listing to zero, and by banning Plaintiff from purchasing products from Defendant in an effort to conceal the ongoing infringement.

16. Despite that notice and demand, Defendant willfully and intentionally continued to infringe Plaintiff's exclusive copyright in the Copyrighted Work.

17. On August 8, 2016, Plaintiff's investigator ordered a fiber optic light up hair clip product, using Defendant's listing on the Ebay website. Based on that on-line order

and purchase, Defendant shipped its hair clip product to Plaintiff's investigator. The Defendant's packaging for its hair clip product displayed an infringing copy of the Copyrighted Work.

18. On or about November 4, 2016, Plaintiff's investigator ordered a fiber optic light up hair clip product, using Defendant's listing on the Ebay website. Based on that on-line order and purchase, Defendant shipped its hair clip product to Plaintiff's investigator. The Defendant's packaging for its hair clip product displayed an infringing copy of the Copyrighted Work.

19. Defendant has not denied that its packaging displayed infringing copies of the Copyrighted Work, and Defendant has not asserted any justification or basis to believe it had a right to reproduce, distribute or display the Copyrighted Work.

## FIRST CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq.*)

20. Plaintiff realleges paragraphs 1 through 19 above and incorporates them by reference as if fully set forth herein.

21. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, and is entitled to the full protection of the United States copyright laws. Plaintiff owns all exclusive rights to reproduce, distribute, display, and make derivative works of, the Copyrighted Work.

22. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant and/or the supplier of packaging materials used by the Defendant, had access to the Copyrighted Work prior to the creation, distribution and display of Defendant's infringing packaging.

23. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying its infringing reproduction or derivative variation of

the Copyrighted Work as part of the packaging for its fiber optic light up hair clip product.

24. Defendant's infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, despite actual notice and demand to cease its infringement, has been willful and deliberate, and Defendant has profited at the expense of Plaintiff as a result of its infringing conduct.

25. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover his actual damages from Defendant's misappropriation of the Copyrighted Work without paying a license fee, and the disgorgement of Defendant's profits related to its infringement of the Copyrighted Work, which amounts will be proven at trial.

26. Alternatively, at Plaintiff's election, Plaintiff is entitled to an award of statutory damages under 17 U.S.C. §§ 504(c) in an amount to be determined after trial, up to a maximum of $150,000, based on Defendant's willful infringement of the Copyrighted Work.

27. Defendant's conduct has caused, and any continued infringing conduct will further cause, irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

WHEREFORE, Plaintiff demands judgment as follows:

1. Judgment in favor of the Plaintiff finding that Defendant has infringed Plaintiff's exclusive copyrights in the Copyrighted Work under the Copyright Act;

2. Judgment in favor of the Plaintiff finding that Defendant's infringement is willful;

3. An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the determined after trial, or, in the alternative and at Plaintiff's election, an award of statutory damages under 17 U.S.C. § 504(c), up to a maximum of $150,000;

    4. An award to the Plaintiff of its costs incurred in this action, including its reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

    5. An award to the Plaintiff of interest, including pre-judgment interest, on the foregoing sums;

    6. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant:

    (a)    from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

    (b)    destroying all copies, whether electronic or physical, of the Plaintiff's Copyrighted Work.

    7. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

    Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: November 10, 2016

Respectfully submitted,
CAPRON LAW OFFICES

By: s/Matthew Capron
MATTHEW CAPRON

Attorneys for Luminence, LLC
email: mattcapron@yahoo.com

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-897-465**

Effective date of registration:

February 26, 2013

---

## Title
- **Title of Work:** GIRL WEARING GLOWBYS 1

## Completion/Publication
- **Year of Completion:** 2004
- **Date of 1st Publication:** October 1, 2004
- **Nation of 1st Publication:** United States

## Author
- **Author:** LUMINENCE, LLC
- **Author Created:** photograph(s)
- **Work made for hire:** Yes
- **Citizen of:** United States

## Copyright claimant
- **Copyright Claimant:** LUMINENCE, LLC
  5580 LA JOLLA BLVD #37, LA JOLLA, CA, 92037, United States

## Rights and Permissions
- **Organization Name:** LUMINENCE, LLC
- **Name:** CHRIS BONANG
- **Email:** info@luminence.com
- **Telephone:** 858-427-0610
- **Address:** 5580 LA JOLLA BLVD #37
  LA JOLLA, CA 92037  United States

## Certification
- **Name:** CHRIS BONANG
- **Date:** February 22, 2013
- **Applicant's Tracking Number:** GLOWBYGIRL1

Page 1 of 1

# EXHIBIT B

